UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

v.                                                NO: 21-71

JAMES ALEXANDER                                   SECTION: "A"

## ORDER AND REASONS

The following motion is before the Court: **Motion for a Reduction in Sentence (R. Doc. 102)** filed by the Defendant. The Government opposes the motion. For the following reasons, the Court **DENIES** the motion.

On February 17, 2022, James Alexander pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin.[1] The Court found that Mr. Alexander had a total offense level of 34 and a criminal history category of VI under the sentencing guidelines, translating to an advisory guideline range of 262 to 327 months.[2] Subsequently, Mr. Alexander was sentenced to a term of 262 months imprisonment. The Fifth Circuit later affirmed Mr. Alexander's conviction and sentence.[3]

Defendant is now seeking the Court to grant his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the "recent amendment to U.S.S.G. §§ 2D1.1(e)(2)(B) and 3B1.2."[4]

U.S.S.G. § 3B1.2 provides for a reduction in offense level based on a defendant's mitigating role in the offense, with a four-level decrease for minimal participants and a two-level

---

[1] R. Doc. 79, Judgment as to James Alexander.
[2] *See* R. Doc 80, Statement of Reasons, at 1.
[3] *United States v. Alexander*, No. 22-30643, 2024 WL 21396 at *3 (5th Cir. Jan. 2, 2024) (per curiam), *cert. denied*, 144 S. Ct. 1470 (Mem.) (2024).
[4] *See* R. Doc. 102, Request for Sentence Reduction, at 1.

1

decrease for minor participants. The commentary for § 3B1.2 defines minimal participants as "defendants who are plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. 3B1.2. "[A] defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as [a] minimal participant." *Id.* Minor participants are defined as defendants who are less culpable than most other participants in the criminal activity, but whose role could not be described as minimal. *Id.*

The recent amendment that Mr. Alexander refers to in his motion and relies on for relief is Amendment 833, which amended § 2D1.1(e)(2)(B)'s special instructions to expand the circumstances under which a mitigating-role adjustment for drug-trafficking offenses involving low-level functions is warranted. *See* U.S.S.G. § 2D1.1(e)(2)(B)(i). The Amendment states that an adjustment under § 3B1.2 is "generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function," such as "serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout," or "distributing controlled substances in user-level quantities for little or no monetary compensation or with a primary motivation other than profit." *Id.*

In his motion, Mr. Alexander included the quote from § 2D1.1(e)(2)(B)(i) that lists low-level trafficking functions; however, Mr. Alexander added the words "negotiation of prices" in brackets after the word "courier."[5] The phrase "negotiation of prices" does not appear in the text of, nor the commentary to, the amendment. As such, the Court will not consider such behavior as a low-level function for the purposes of applying § 2D1.1(e)(2)(B).

Mr. Alexander did not perform a low-level function in the instant offense. He was charged with and pled guilty to conspiracy to traffic 3 kilograms of heroin. While fleeing law enforcement,

---

[5] R. Doc. 102 ¶ 5.

he was seen discarding a food container which contained 3,033 grams of what he believed to be heroin but was later revealed to be fentanyl. The facts of this case do not indicate that Mr. Alexander was unaware of the scope of the conspiracy or that he lacked the knowledge that he was engaged in a drug trafficking conspiracy. Mr. Alexander was neither a minimal nor a minor participant in the offense as defined in § 3B1.2, nor did he receive an aggravating or a mitigating role adjustment in his guilty plea.[6] Consequently, no reduction in sentence is warranted under U.S.S.G. §§ 3B1.2 or 2D1.1(e)(2)(B).

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." A decision on whether to reduce a sentence requires a two-step inquiry; first, "[a] court must ... determine that a reduction is consistent with [U.S.S.G.] § 1B1.10"; if it so determines, it then must examine "whether the authorized reduction is warranted ... according to the factors set forth in [18 U.S.C.] § 3553(a)." *United States v. Torres*, 856 F.3d 1095, 1098 (5th Cir. 2017) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

The Fifth Circuit has held that "§ 3582(c)(2) applies only to Guideline amendments made retroactive by the Sentencing Commission." *United States v. King*, 729 F. App'x 346, 347 (5th Cir. 2018) (citing *Dillon*, 560 U.S. at 824–26). U.S.S.G. § 1B1.10(d) governs the retroactivity of Guideline amendments and specifies which amendments a defendant may invoke pursuant to § 3582(c)(2). Importantly, Amendment 833 is not one of the retroactive amendments listed in § 1B1.10(d). As such, a reduction would be inconsistent with U.S.S.G. § 1B1.10, and the two-step inquiry fails at the first step. Therefore, the Court will not consider the § 3553(a) factors. Mr.

---

[6] *See* R. Doc. 80.

3

Alexander was sentenced on October 4, 2022, before Amendment 833 became effective on November 1, 2025.[7] Because Amendment 833 does not apply retroactively, this Court cannot reduce Mr. Alexander's sentence pursuant to § 3582(c)(2).[8]

Accordingly;

**IT IS ORDERED** that the **Motion for a Reduction in Sentence (R. Doc. 102)** filed by James Alexander is **DENIED**.

April 14, 2026

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] *Id.*

[8] *See e.g.,* U.S.S.G. § 1B1.10(d); *United States v. Simmons*, No. 2:22-CR-00011-01, 2026 WL 45092, at *1 (W.D. La. Jan. 6, 2026) (Cain, Jr., J.) (concluding that the defendant was not entitled to a sentence reduction under § 3582(c)(2) because Amendment 833 has not been made retroactive by the Sentencing Commission).